The Honorable Steven B. Jones State Representative P.O. Box 3040 West Memphis, AR 72303-3040
Dear Representative Jones:
I am writing in response to your request for an opinion on the following question:
 Can an individual who has served by appointment, on a county Quorum Court, run for a seat on the same court once their term has expired?
You state that this question has been asked "because of re-districting." You state further in this regard:
 The seat that the person was appointed to would be different than the one he is running for, only because the district numbers have changed. The geography of the area is basically the same.
RESPONSE
The answer to this question will turn on whether the quorum court member would be "succeeding himself" contrary to Amendment 29 to the Arkansas Constitution.[1] It is my opinion that this issue will, in turn, depend upon the extent to which the district in question is a new district or in reality the one to which he was appointed with only minor variations. Because this requires a factual determination, I cannot conclusively opine on the matter.
Please note that I have enclosed several previously issued opinions on this so-called "succession" issue in the context of redistricting.[2]
(Op. Att'y Gen. Nos. 2001-387, 91-447 and 91-379). I will not restate the analysis or the conclusions therein, other than to point out that if in fact there has been no material change in representation, it may well be that Amendment 29 will prevent the candidacy of the appointed quorum court member. Clearly, however, this requires a factual determination based upon the composition of the district. Moreover, the eligibility of candidates to stand for election is an issue that must ultimately be judicially determined.[3]
While I am therefore unable to conclusively resolve the matter, the enclosed opinions will hopefully be of assistance in defining the underlying legal and factual issues.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Although you have provided no facts surrounding this particular appointment, I assume that the quorum court member was appointed by the Governor to fill a vacancy, in accordance with Amendment 29 to the Arkansas Constitution which charges the Governor with the responsibility to fill vacancies in certain offices, including the office of quorum court member. See Amendment 29, § 1; A.C.A. § 14-14-1310(b); and Op. Att'y Gen. 92-142.
[2] After every decennial census, the county election commission is required to "divide the county into convenient and single member districts so that the Quorum Court shall be based upon the inhabitants of the county with each member representing, as nearly as practicable, an equal number thereof." Ark. Const. Amend. 55, § 2.
[3] If the quorum court member files for the position and meets all of the filing requirements, it appears that the county board of election commissioners will not have the authority to declare him ineligible or remove his name from the ballot. See generally State v. Craighead CountyBoard of Election Commissioners, 300 Ark. 405, 779 S.W.2d 169 (1989) (stating that such boards' actions are ministerial only, and that they "[d]o not have the authority to declare a candidate ineligible and remove his name from the ballot when there is a dispute concerning the facts or the law.") The court in Craighead County concluded that mandamus coupled with a declaratory judgment action is the proper legal proceeding to challenge a candidate's eligibility and seek removal of the candidate from the ballot. 300 Ark. at 412.